# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| ABCM CORPORATION, | |
| Plaintiff, | No. C20-3022-LTS |
| vs. | |
| WEST BEND MUTUAL INSURANCE COMPANY, | MEMORANDUM OPINION AND ORDER |
| Defendant. | |

_____

## I. INTRODUCTION

This case is before me on a motion (Doc. 10) by plaintiff ABCM Corporation (ABCM) to voluntarily dismiss this action under Federal Rule of Civil Procedure 41(a)(2) or, in the alternative, to amend its complaint and remand in accordance with 28 U.S.C. § 1447(e). Defendant West Bend Mutual Insurance Company (West Bend) has filed a resistance (Doc. 11) and ABCM has filed a reply (Doc. 12). Oral argument is not necessary. *See* N.D. Iowa L.R. 7(c).

## II. BACKGROUND AND PROCEDURAL HISTORY

ABCM is an Iowa corporation that held a commercial automobile insurance policy (the policy) issued by West Bend, a Wisconsin corporation. Doc. 2 at 1. On August 27, 2014, an ABCM employee was involved in a collision while driving on U.S. Highway 65 in Franklin County, Iowa, that resulted in three lawsuits against ABCM. *Id*. at 2–3. Pursuant to the policy, West Bend retained Elliott R. McDonald, III, of McDonald, Woodward & Carlson, P.C., to defend ABCM in those actions. *Id*. ABCM also pursued a third-party action against another individual involved in the collision, but West Bend did not provide representation for that lawsuit. *Id*.

ABCM commenced this action on May 18, 2020, by filing a petition (Doc. No. 2) against West Bend in the Iowa District Court for Franklin County. ABCM alleges that West Bend has breached the policy, breached the implied duty of good faith and fair dealing and acted in bad faith. *Id.* at 5–9. West Bend filed a notice of removal (Doc. No. 1) on June 19, 2020, invoking this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), and filed an answer (Doc. No. 4) on June 26, 2020. ABCM filed the present motion on August 13, 2020. Doc. No. 10.

## III. DISCUSSION

ABCM asserts this case should be returned to state court because McDonald and his law firm should be joined as defendants and, if so joined, this court will no longer have diversity jurisdiction. ABCM presents two separate procedural paths to reach this outcome. First, it seeks to voluntarily dismiss this case under Federal Rule of Civil Procedure 41(a)(2) so it may file a new state court action that would include the non-diverse defendants. In the alternative, ABCM seeks to amend its petition in order to join McDonald and his law firm as defendants under Federal Rules of Civil Procedure 19 or 20, which would destroy complete diversity in this case and require remand pursuant to 28 U.S.C. § 1447(e). I will begin with the joinder issue.

### A. *Joinder of Diversity-Destroying Defendants and Remand*

ABCM argues that joining McDonald and his law firm as defendants is required because they are necessary parties under Rule 19(a)(1). Under Rule 19(a)(1)(A), a party is necessary when, "in that person's absence, the court cannot accord complete relief among existing parties." Under Rule 19(a)(1)(B), a party is necessary when it "claims an interest relating to the subject of the action" and its absence from the action would either "impair or impede [its] ability to protect the interest" or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

2

By its own terms, however, Rule 19(a)(1) applies only to a party "whose joinder will not deprive the court of subject-matter jurisdiction." Indeed, Rule 19 itself does not authorize a court to *join* a diversity-destroying party at all. If a plaintiff seeks to join a non-diverse defendant under Rule 19, the court must determine whether that defendant is both necessary *and* indispensable to the case and, if so, must dismiss it. Fed. R. Civ. P. 19(b) ("If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed.").

Rule 19's rigidity with regard to joinder of a diversity-destroying party is why Congress enacted 28 U.S.C. § 1447(e).[1] Under § 1447(e), if a plaintiff seeks to join a diversity-destroying party after a case has been removed, dismissal is not the court's only option. If the party is indispensable, the court may permit joinder and remand the case to state court. 28 U.S.C. § 1447(e); *see also Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 308 (8th Cir. 2009) ("If a potential defendant, whose joinder would destroy jurisdiction, is determined to be indispensable, the district court must either permit joinder and grant remand under § 1447(e), or dismiss the action pursuant to Rule 19(b)."). Thus, for this case to be remanded under § 1447(e) due to the joinder of McDonald and his law firm, they must be necessary parties under Rule 19(a) *and* indispensable parties under Rule 19(b). *Id.*; *see also Gwartz v. Jefferson Mem'l Hosp. Ass'n*, 23 F.3d 1426, 1430 (8th Cir. 1994) (holding there is no need to "address whether

---

[1] For example:

> [Section 1447(e)] takes advantage of the opportunity opened by removal from a state court to permit remand if a plaintiff seeks to join a diversity-destroying defendant after removal. Joinder coupled with remand may be more attractive than either dismissal under civil rule 19(b) or denial of joinder. The flexibility built into the framework of rule 19(b) fully supports this approach. This provision also helps to identify the consequences that may follow removal of a case with unidentified fictitious defendants.

H.R. REP. 100-889, 72–73, 1988 U.S.C.C.A.N. 5982, 6033.

[a party] is an indispensable party under Rule 19(b)" if it "is not a necessary party under Rule 19(a)").

ABCM makes no argument as to why McDonald and his law firm are indispensable parties under Rule 19(b). Even if it did, however, the argument would be irrelevant because they are not *necessary* parties under Rule 19(a). *See Gwartz*, 23 F.3d at 1430. ABCM has failed to show that McDonald and his law firm are necessary in order to obtain complete relief for its alleged injuries. Each of ABCM's claims against West Bend arises from the policy between ABCM and West Bend. Although McDonald's actions while representing ABCM pursuant to the policy may be relevant to ABCM's contract-based claims, ABCM has not cited, nor have I found, authority suggesting that McDonald or his law firm could be held liable on those claims. *See Iowa Mortg. Ctr., L.L.C. v. Baccam*, 841 N.W.2d 107, 110 (Iowa 2013) ("To prove a breach of contract claim, a party must show: (1) the existence of a contract [between the parties] . . . ."); *De Dios v. Indem. Ins. Co. of N. Am.*, 927 N.W.2d 611, 613 (Iowa 2019), *as amended* (May 14, 2019) ("In Iowa, the bad-faith cause of action arises from (1) the special contractual relationship between insurer and insured . . . ."); Restatement (Second) of Contracts § 205 (1981) ("Every *contract* imposes upon *each party* a duty of good faith and fair dealing in its performance and its enforcement." (emphasis added)).

ABCM contends McDonald and his firm are alternatively liable for its injuries on grounds of legal malpractice. However, joining those defendants in this case to assert such a claim is not necessary to ensure that ABCM can obtain complete relief. ABCM may obtain complete relief from West Bend and/or the proposed additional defendants regardless of whether there is a single lawsuit or separate lawsuits.

Nor has ABCM shown that the proposed additional defendants have an interest in this case that cannot be protected in their absence or that their absence will subject a current party to inconsistent obligations. Whatever interest McDonald and his law firm may have in this matter does not necessitate their joinder. As noted above, the additional defendants cannot be held liable for ABCM's claims against West Bend. Conversely,

4

ABCM has not shown that West Bend could be held liable on any claim ABCM seeks to bring against McDonald and his law firm. No outcome in this case would affect the additional defendants' ability to adequately defend themselves in any concurrent, or subsequent, suit brought against them by ABCM or West Bend. Nor is there any risk that a current party may be subjected to double, multiple or inconsistent obligations. Thus, ABCM has failed to show that McDonald and his law firm are necessary parties. Joinder and remand is not required pursuant to Rule 19 and § 1447(e).

ABCM also argues the non-diverse defendants should be joined as permissive parties under Rule 20. Under that rule, additional defendants may be joined if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2)(A)–(B). Generally, leave to amend in order to join additional defendants should be freely given when justice requires. *See* Fed. R. Civ. P. 15(a)(2). However, when a requested amendment would join diversity-destroying parties after a case has been removed, the court must "scrutinize that amendment more closely than an ordinary amendment." *Bailey*, 563 F.3d at 309 (quoting *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)). The court must consider (1) whether joinder of the non-diverse defendants is sought to destroy federal diversity jurisdiction, (2) whether the plaintiff has been dilatory in seeking to add the non-diverse defendants and (3) whether the plaintiff will be significantly injured if joinder is not permitted. *Id.* at 309. The court must "balance the defendant's interests in maintaining the federal forum with the [plaintiff's] competing interests of not having parallel lawsuits." *Id.* at 309 (quoting *Hensgens*, 833 F.2d at 1182). In any event, "the district court ha[s] full discretionary authority to deny joinder and retain jurisdiction over the action." *Id.* at 308.

ABCM has established the first requirement for joinder under Rule 20(a). Although, as discussed above, neither McDonald nor his law firm could be held liable

5

under the claims ABCM has brought against West Bend, the separate legal malpractice claim ABCM seeks to bring against them presents an alternative basis for liability arising from the same circumstances and injuries at issue here. *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974) (Rule 20 permits "all reasonably related claims for relief by or against different parties to be tried in a single proceeding").

ABCM has also established the second requirement under Rule 20(a). Because ABCM seeks to raise a claim against the additional defendants that is legally distinct from the claims already raised against West Bend, there is no question of law common to all defendants. This does not mean there is no common question of fact. ABCM alleges it suffered injuries from litigation decisions made by McDonald, West Bend, or both. Determining what those decisions were, who made them and how they impacted ABCM is central to the claims ABCM has raised, or seeks to raise, against each of the defendants, even if the legal significance of, and potential legal liability for, those actions differs for each defendant. As such, McDonald and his law firm are parties who *may* properly be joined under Rule 20(a). However, because the motion to join the additional defendants comes after the case has been removed, I must now consider whether they *should* be joined in light of the timing and circumstances of the motion.

ABCM does not specifically address the *Bailey* factors in arguing that permissive joinder is appropriate. Instead, it argues that this court should permit joinder and then dismiss or remand the case in accordance with *Coke v. Loadmaster Corp.*, 420 F. App'x 647 (8th Cir. 2011). In *Coke*, the Eighth Circuit, without mentioning the *Bailey* factors, summarily affirmed the district court's decision to allow the permissive joinder of non-diverse defendants and dismiss the case. *Id.* at 648.

*Coke* is distinguishable on two grounds. First, the plaintiff's motion to amend and join additional non-diverse defendants did not follow a removal from state court, as the plaintiff had brought the case in federal court. *See Coke v. Loadmaster Corp.*, No. 09-3245-CV-S-RED, 2010 WL 11545749, at *1 (W.D. Mo. June 30, 2010). As noted above, it is a motion to join non-diverse defendants following removal that the Eighth

6

Circuit has deemed suspect. *See Bailey*, 563 F.3d at 309. Second, the plaintiff in *Coke* sought to join additional non-diverse defendants whose potential liability became apparent due to investigation after the case was commenced. *Coke*, 2010 WL 11545749, at *2. Here, ABCM has not shown that it was unaware that McDonald and his law firm might be liable for its alleged injury when it commenced this action in state court. Nor has ABCM explained why it did not, or could not, have included those parties as defendants from the outset. ABCM's reliance on *Coke* is misplaced. I must analyze the *Bailey* factors in order to determine whether justice requires that I give leave to ABCM to amend its complaint to add McDonald and his law firm.

First, I must determine whether ABCM's purpose in seeking to join the non-diverse defendants is to destroy diversity jurisdiction. This factor weighs against allowing joinder. ABCM has not explained why it did not include claims against McDonald and his law firm in its state court petition. This lack of explanation, combined with its attempt to add those diversity-destroying defendants soon after removal, raises serious concerns as to ABCM's motives.

Next, I must consider whether ABCM has been dilatory in seeking to join the non-diverse defendants. This factor is neutral. ABCM filed its state court petition on May 18, 2020, and sought to add the diversity-destroying defendants less than three months later, while this case was still at a very early stage. However, and once again, the fact that ABCM could have included McDonald and his law firm as defendants in its initial state court petition, but instead waited until after the case was removed to try to add them, does not help ABCM's cause. *See, e.g., Bailey*, 563 F.3d at 309.

Finally, I must consider whether ABCM will be significantly injured if joinder is not allowed. ABCM argues that it will be injured by the costs of litigating related lawsuits in separate forums and the risk of the defendants employing the "empty-chair defense" in those separate actions if joinder is not permitted. While these injuries may justify

joinder in some cases,[2] they do not justify permissive joinder here. Though West Bend and the non-diverse defendants may be jointly, or alternatively, liable for the harm ABCM allegedly suffered due to the handling of its accident-related litigation, there is no requirement "for all joint tortfeasors to be named as defendants in a single lawsuit." *Bailey*, 563 F.3d at 308 (quoting *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990)). As noted above, ABCM has not shown that joinder of the non-diverse defendants is necessary for it to obtain complete relief for its alleged injuries in this case. *See, e.g.*, *Shelton v. Akins*, No. 4:20CV198 HEA, 2020 WL 3605555, at *3 (E.D. Mo. July 2, 2020) (finding no injury or prejudice against a plaintiff when additional defendant was not needed for the plaintiffs to obtain a full recovery for its injury).

Further, while the claims against each defendant arise from many of the same facts, the facts that will be legally significant for each defendant will be different because the claims against them are different. As such, there is little risk of inconsistent comparative-fault judgments[3] or of the defendants successfully employing the "empty-chair defense." This factor weighs against allowing joinder as well.

Under the *Bailey* factors, it is not in the interests of justice to grant ABCM leave to amend its complaint to join the diversity-destroying defendants.

### B. *Voluntary Dismissal*

ABCM alternatively seeks to voluntarily dismiss this action so that it may re-file in state court. After a defendant has filed an answer, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed.

---

[2] *See, e.g.*, *Thompson v. Joe-K Used Cars, LLC*, No. 4:19 CV 2422 CDP, 2019 WL 7291229, at *3 (E.D. Mo. Dec. 30, 2019) (granting joinder and remand because "it would be impractical, inefficient, and unnecessarily expensive to require [the plaintiff] to maintain two separate wrongful death actions" and because of the risk of inconsistent comparative fault judgments).

[3] Claims arising from breach of contract, such as those ABCM asserts against West Bend in this case, are not subject to Iowa's comparative fault statute. *See, e.g., State v. Paxton*, 674 N.W.2d 106, 109 (Iowa 2004).

R. Civ. P. 41(a)(2). Whether to grant such a request is left "to the sound discretion of the district court[]." *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984). However, when deciding whether to exercise its discretion to allow a voluntary dismissal, the court must consider "whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants." *Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1213 (8th Cir. 2011) (quoting *Hamm v. Rhone–Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999)). A plaintiff should not be "permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum." *Id.* at 1214.

For largely the same reasons discussed above regarding permissive joinder, the factors and considerations set forth in *Thatcher* weigh against voluntary dismissal. ABCM could have included claims against McDonald and his law firm in its state court petition and has not explained its failure to do so. Instead, ABCM waited until this action had been removed before seeking to add diversity-destroying defendants. Under these circumstances, ABCM has not shown that it has a proper purpose for seeking dismissal.

## IV. CONCLUSION

For the foregoing reasons, plaintiff ABCM Corporations' motion (Doc. No. 10) to amend its complaint or voluntarily dismiss this action is **denied**.

**IT IS SO ORDERED.**
**DATED** this 15th day of October, 2020.

_____
Leonard T. Strand, Chief Judge